IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALADWORKS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MINH DUC TRINH, doing business<br>as Café & Salad Works,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 11-1919 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter is before the Court upon the motion of Plaintiff Saladworks, LLC ("Plaintiff") for default judgment against Minh Duc Trinh ("Defendant") doing business as Cafe & Salad Work. [Docket Item 9.]  THE COURT FINDS AS FOLLOWS:

1.  Plaintiff filed this action on April 5, 2011, alleging trademark infringement, trademark dilution and unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C § 1051.  On April 6, 2011 service was effectuated with respect to Defendant at his sole proprietorship business upon Phue Caut, who Plaintiff identifies as the "manager who was in charge." (Chernow Aff. ¶ 4, May 6, 2011).

2.  The 21 days under Fed. R. Civ. P. 12(a)(1)(A) for Defendant to serve an answer or other responsive pleading expired on April 27, 2011.  On May 6, 2011, Plaintiff requested entry of default. [Docket Item 8.]  On May 12, 2011, Saladworks filed the

instant motion for default judgment, seeking a permanent injunction.

3.   Before the Court can enter default judgment, it must find that process was properly served on the Defendant.  Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside.")

4.   As a Constitutional requirement, service of process must be reasonably calculated to "apprise interested parties" of the pendency of the action.  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (finding that service by publication provided insufficient notice with respect to known present beneficiaries whose residence was known).  Thus, default judgment is not granted when notice is not sufficient to inform the defendant of the suit.

5.   Under the Federal Rules of Civil Procedure a person may be served in a judicial district court of the United States by "following state law for serving a summons . . . in the state where the district court is located."  Fed. R. Civ. Pro 4(e)(1). The New Jersey state court rules provide that summons may be served upon an individual proprietor "provided the action arises out of a business in which the individual is engaged within this State . . . by delivering a copy of the summons and complaint to

the individual if competent, or . . . to a managing or general agent employed by the individual in such business."  N.J. Ct. R. 4:4-4(a)(4).

6.  Only if service "cannot be made in that manner," then it can be made "by delivering a copy of the summons and complaint to any employee or agent of the individual within this State acting in the discharge of his or her duties in connection with the business."  N.J. Ct. R. 4:4-4(a)(4).  In any case where plaintiff seeks to substitute service because the preferred method is impossible, plaintiff must "identify all previous steps taken to locate the elusive defendant" to demonstrate that the plaintiff has made a "good faith effort" to comply with the requirements of service of process.  Dendrite Intern., Inc. v. Doe No. 3, 775 A.2d 756, 767 (N.J. Super. Ct. App. Div. 2001) (listing factors required to serve an anonymous online defendant with substituted service).

7.  The New Jersey Supreme Court has held that, under N.J. Ct. R. 4:4-4(a)(4), service is adequate upon a person sufficiently integrated with the business if the person knows what to do with the summons.  See O'Connor v. Abraham Altus & Harrison Park, Inc., 67 N.J. 106, 125-128 (1975) (finding that summons served to a receptionist that was "sufficiently integrated" with the management organization and knew "what to do with the papers" was sufficient); see also Staton v. Theta

Holding Co., L.P. 2009 WL 4251095, at * 4. (N.J. Super. App. Div. Nov. 25, 2009) (finding that service upon the only known operating manager of a sole proprietor, unlike a corporation, is sufficient).  Thus, actions of the employee while being served may make it "reasonable . . . to assume [the employee] had authority to receive service."  O'Connor, 67 N.J. at 128.

8.  Applying these considerations to the instant case, the Court will deny Plaintiff Saladworks' motion for default judgment without prejudice because Plaintiff has not proven to the Court that Defendant was properly served with notice.  First, the Defendant is an individual proprietor, but was not personally served with summons.  Rather, an employee described only as the "manager who was in charge" was served.  There is no indication that the person served was sufficiently integrated with the organization so as to know to forward the summons to the proprietor.  Thus, without knowing the actual status and responsibilities of the individual Plaintiff describes as "manager," notice was not reasonably calculated to alert Defendant to the action.  Additionally, while N.J. Ct. R. 4:4-4(a)(4) permits service upon a managing or general agent of the sole proprietorship, there is no indication in the record before the Court that Phue Caut, the "manager in charge" fits that description.  While the Court knows of no precise definition of the term "managing or general agent" as used in N.J. Ct. R. 4:4-

4

4(a)(4), the term "managing agent" is usually defined by federal courts as having a more precise meaning than simply that the employee had the title of "manager."  See Philadelphia Indem. Ins. Co. v. Fed. Ins. Co., 215 F.R.D. 492, 494 (E.D. Pa. 2003) (finding that "managing agent" of a corporation is generally understood as an individual "invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters").

9.  Second, serving any employee under the rule is only adequate if the plaintiff has demonstrated that the individual proprietor or managing agent cannot be served.  Saladworks does not contend or provide any evidence that Defendant or the proprietor's managing agent was sought and unable to be located.

10.  Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. However, default judgment is not a right.  It is well settled that granting  a default judgment is left primarily to the "discretion of the court."  Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951).  Indeed, there is preference that cases be disposed of on the merits whenever practicable.  Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (finding that the trial court must consider: 1) whether the plaintiff will be prejudiced without default; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the

defendant's culpable misconduct).

11.  Of course if, after properly serving Defendant, Plaintiff still receives no answer within the time allowed under the federal rules, Plaintiff is free to again seek default judgment.  However, before the Court will consider such a motion, it must be satisfied that service was proper.  Therefore, the Court holds that the motion for default judgment is denied.

12.  Likewise, Plaintiff's motion for preliminary injunction [Docket Item 6] cannot be considered absent proof of lawful service of the summons and complaint upon Defendant. Accordingly, the motion for preliminary injunction will be dismissed as premature without prejudice to renewing and reinstating the motion upon Plaintiff's request after Plaintiff has shown proper service or process upon Defendant.

13.  The accompanying Order will be entered.


**July 6, 2011**                                    **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            United States District Judge